FILED 07 MAR '12 16:52 USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**UNDER SEAL**

| | |
|---|---|
| UNITED STATES OF AMERICA | CR No. 12-cr-00109-SI |
| v. | **INDICTMENT** |
| CHESTER EVANS DAVIS,<br>  Defendant. | 26 U.S.C. § 7201 (Count 1)<br>(Evasion of payment of taxes)<br><br>26 U.S.C. § 7201 (Counts 2-5)<br>(Evasion of assessment of taxes)<br><br>26 U.S.C. § 7203 (Counts 6-9)<br>(Failure to file tax return)<br><br>26 U.S.C. § 7212(a) (Count 10)<br>(Obstruction of the Due Administration of the Internal Revenue Laws)<br><br>18 U.S.C. § 514 (Count 11)<br>(Utterance of Fictitious Obligations)<br><br>**UNDER SEAL** |

**THE GRAND JURY CHARGES:**

At all times relevant to this Indictment:

1.  Defendant CHESTER EVANS DAVIS was a resident of Oregon City, Oregon, and was the Owner and President of ESA NW, Inc. (ESA NW). DAVIS did not file federal personal income tax returns for tax years 2000 through 2010.

Page 1 -   INDICTMENT
           (*United States v. Chester Evans Davis*)

2. ESA NW was a corporation formed in Oregon that sold engineering software and training services and provided electrical power distribution systems to clients, including several federal government agencies. ESA NW's principal place of business was located in Gladstone, Oregon.

3. High Desert Administration (HDA) was a corporation used by DAVIS to conceal money, assets, and financial transactions from the Internal Revenue Service (IRS). HDA was used to perform payroll functions, bookkeeping, and bill payment for ESA NW.

4. Easypower SDG, Inc. (Easypower SDG) was a corporation used by DAVIS to conceal money, assets, and financial transactions from the IRS.

5. Americans for Lawful Financial Independent Information (ALFII) was a warehouse bank that provided online bank-like services to its members. DAVIS was a member of ALFII.

6. MY ICIS (ICIS) was an Internet-based company that facilitated financial transactions for ALFII members in order to help them conceal money, assets, and financial transactions from the government. DAVIS had three ICIS accounts: two for ESA NW and one personal account.

7. The IRS was an agency of the United States Department of Treasury responsible for enforcing and administering the tax laws of the United States and collecting taxes owed to the Treasury of the United States.

## COUNT 1: EVASION OF PAYMENT OF TAXES
(26 U.S.C. § 7201)

8. The grand jury repeats and re-alleges the Introductory Allegations set forth in paragraphs 1 through 7.

Page 2 -   INDICTMENT
            (*United States v. Chester Evans Davis*)

9. Beginning in or about March 2003 and continuing to and including October 2011, in the District of Oregon, defendant CHESTER EVANS DAVIS did willfully attempt to evade and defeat the payment of a large part of the substantial federal income tax due and owing by him to the United States of America for calendar years 1999, 2000, and 2001, by committing the following acts, among others:

    a. Concealing and attempting to conceal money, assets, and financial transactions by using ICIS, a warehouse bank;

    b. Concealing and attempting to conceal money, assets, and financial transactions by using nominee and shell corporations, including HDA and Easypower SDG;

    c. Concealing and attempting to conceal money, assets, and financial transactions by purchasing large amounts of gold and coins; and

    d. Submitting fictitious obligations and other documents to the IRS, purportedly to satisfy his outstanding tax assessments.

All in violation of Title 26, United States Code, Section 7201.

## COUNT 2: EVASION OF ASSESSMENT OF TAXES (2007)
(26 U.S.C. § 7201)

10. The grand jury repeats and re-alleges the Introductory Allegations set forth in paragraphs 1 through 7.

11. During the calendar year 2007, defendant CHESTER EVANS DAVIS had and received substantial taxable income. Upon that taxable income, there was owing to the United States of America a substantial income tax. Well knowing and believing the foregoing facts, and failing to make an income tax return on or before April 15, 2008, as required by law, to any

Page 3 - INDICTMENT
*(United States v. Chester Evans Davis)*

proper officer of the Internal Revenue Service, and pay to the Internal Revenue Service the income tax, throughout the calendar year 2007, defendant CHESTER EVANS DAVIS, in the District of Oregon, did willfully attempt to evade and defeat the income tax due and owing by him to the United States of America for the calendar year 2007 by concealing and attempting to conceal from all proper officers of the United States of America his true and correct income, by, among other things:

    a.    depositing his income from ESA NW into a nominee bank account held in the name of HDA; and

    b.    using the same nominee bank account to purchase approximately $905,000 worth of gold.

All in violation of Title 26, United States Code, Section 7201.

## COUNT 3: EVASION OF ASSESSMENT OF TAXES (2008)
(26 U.S.C. § 7201)

12. The grand jury repeats and re-alleges the Introductory Allegations set forth in paragraphs 1 through 7.

13. During the calendar year 2008, defendant CHESTER EVANS DAVIS had and received substantial taxable income. Upon that taxable income, there was owing to the United States of America a substantial income tax. Well knowing and believing the foregoing facts, and failing to make an income tax return on or before April 15, 2009, as required by law, to any proper officer of the Internal Revenue Service, and pay to the Internal Revenue Service the income tax, throughout calendar year 2008, defendant CHESTER EVANS DAVIS, in the District of Oregon, did willfully attempt to evade and defeat the income tax due and owing by

Page 4 -    INDICTMENT
                (*United States v. Chester Evans Davis*)

him to the United States of America for the calendar year 2008 by concealing and attempting to conceal from all proper officers of the United States of America his true and correct income, by, among other things:

    a.    depositing his income from ESA NW into a nominee bank account held in the name of HDA; and

    b.    using the same nominee bank account, as well as an ESA NW bank account, to purchase approximately $1,700,000 worth of gold.

All in violation of Title 26, United States Code, Section 7201.

## COUNT 4: EVASION OF ASSESSMENT OF TAXES (2009)
(26 U.S.C. § 7201)

14.    The grand jury repeats and re-alleges the Introductory Allegations set forth in paragraphs 1 through 7.

15.    During the calendar year 2009, defendant CHESTER EVANS DAVIS had and received substantial taxable income. Upon that taxable income, there was owing to the United States of America a substantial income tax. Well knowing and believing the foregoing facts, and failing to make an income tax return on or before April 15, 2010, as required by law, to any proper officer of the Internal Revenue Service, and pay to the Internal Revenue Service the income tax, throughout calendar year 2009, defendant CHESTER EVANS DAVIS, in the District of Oregon, did willfully attempt to evade and defeat the income tax due and owing by him to the United States of America for the calendar year 2009 by concealing and attempting to conceal from all proper officers of the United States of America his true and correct income, by, among other things:

Page 5 -    INDICTMENT
                    (*United States v. Chester Evans Davis*)

    a.  depositing his income from ESA NW to a nominee bank account held in the name of HDA; and

    b.  using the same nominee bank account to purchase approximately $1,504,410 worth of gold.

All in violation of Title 26, United States Code, Section 7201.

## COUNT 5: EVASION OF ASSESSMENT OF TAXES (2010)
(26 U.S.C. § 7201)

16. The grand jury repeats and re-alleges the Introductory Allegations set forth in paragraphs 1 through 7.

17. During the calendar year 2010, defendant CHESTER EVANS DAVIS had and received substantial taxable income. Upon that taxable income, there was owing to the United States of America a substantial income tax. Well knowing and believing the foregoing facts, and failing to make an income tax return on or before April 15, 2011, as required by law, to any proper officer of the Internal Revenue Service, and pay to the Internal Revenue Service the income tax, throughout calendar year 2010 and continuing through on or about August 31, 2011, defendant CHESTER EVANS DAVIS, in the District of Oregon, did willfully attempt to evade and defeat the income tax due and owing by him to the United States of America for the calendar year 2010 by concealing and attempting to conceal from all proper officers of the United States of America his true and correct income, by, among other things:

    a.  depositing his income from ESA NW and ESA International, Inc., to a nominee bank account held in the name of Easypower SDG; and

      b.      using the same nominee bank account to purchase approximately $985,000 worth of gold.

All in violation of Title 26, United States Code, Section 7201.

## COUNT 6: FAILURE TO FILE CORPORATE TAX RETURN (2005)
(26 U.S.C. § 7203)

18.    The grand jury repeats and re-alleges the Introductory Allegations set forth in paragraphs 1 through 7.

19.    During the calendar year 2005, defendant CHESTER EVANS DAVIS was the Owner and President of ESA NW, a corporation not expressly exempt from tax, with its principal place of business in Gladstone, Oregon. He therefore was required by law, after the close of the calendar year 2005 and on or before March 15, 2006, to make an income tax return, for and on behalf of the corporation, to the Internal Revenue Service within the District of Oregon, or to the IRS Service Center, at Ogden, Utah, or other proper officer of the United States, stating specifically the items of the corporation's gross income and the deductions and credits allowed by law. Well knowing and believing all of the foregoing, defendant CHESTER EVANS DAVIS did willfully fail, on or about March 15, 2006, in the District of Oregon and elsewhere, to make an income tax return at the time required by law. All in violation of Title 26, United States Code, Section 7203.

//////

/////

/////

/////

/////

Page 7 -    **INDICTMENT**
                 (*United States v. Chester Evans Davis*)

## COUNT 7: FAILURE TO FILE CORPORATE TAX RETURN (2006)
(26 U.S.C. § 7203)

20. The grand jury repeats and re-alleges the Introductory Allegations set forth in paragraphs 1 through 7.

21. During the calendar year 2006, defendant CHESTER EVANS DAVIS was the Owner and President of ESA NW, a corporation not expressly exempt from tax, with its principal place of business at Gladstone, Oregon. He therefore was required by law, after the close of the calendar year 2006 and on or before March 15, 2007, to make an income tax return, for and on behalf of the corporation, to the Internal Revenue Service within the District of Oregon, or to the IRS Service Center, at Ogden, Utah, or other proper officer of the United States, stating specifically the items of the corporation's gross income and the deductions and credits allowed by law. Well knowing and believing all of the foregoing, defendant CHESTER EVANS DAVIS did willfully fail, on or about March 15, 2007, in the District of Oregon and elsewhere, to make an income tax return at the time required by law. All in violation of Title 26, United States Code, Section 7203.

## COUNT 8: FAILURE TO FILE CORPORATE TAX RETURN (2007)
(26 U.S.C. § 7203)

22. The grand jury repeats and re-alleges the Introductory Allegations set forth in paragraphs 1 through 7.

23. During the calendar year 2007, defendant CHESTER EVANS DAVIS was the Owner and President of ESA NW, a corporation not expressly exempt from tax, with its principal place of business at Gladstone, Oregon. He therefore was required by law, after the close of the calendar year 2007 and on or before March 17, 2008, to make an income tax return, for and on

behalf of the corporation, to the Internal Revenue Service within the District of Oregon, or to the IRS Service Center, at Ogden, Utah, or other proper officer of the United States, stating specifically the items of the corporation's gross income and the deductions and credits allowed by law. Well knowing and believing all of the foregoing, defendant CHESTER EVANS DAVIS did willfully fail, on or about March 17, 2008, to make an income tax return at the time required by law. All in violation of Title 26, United States Code, Section 7203.

## COUNT 9: FAILURE TO FILE CORPORATE TAX RETURN (2008)
(26 U.S.C. § 7203)

24. The grand jury repeats and re-alleges the Introductory Allegations set forth in paragraphs 1 through 7.

25. During the calendar year 2008, defendant CHESTER EVANS DAVIS was the Owner and President of ESA NW, a corporation not expressly exempt from tax, with its principal place of business at Gladstone, Oregon. He therefore was required by law, after the close of the calendar year 2008 and on or before March 16, 2009, to make an income tax return, for and on behalf of the corporation, to the Internal Revenue Service within the District of Oregon, or to the IRS Service Center, at Ogden, Utah, or other proper officer of the United States, stating specifically the items of the corporation's gross income and the deductions and credits allowed by law. Well knowing and believing all of the foregoing, defendant CHESTER EVANS DAVIS did willfully fail, on or about March 16, 2009, in the District of Oregon and elsewhere, to make an income tax return at the time required by law. All in violation of Title 26, United States Code, Section 7203.

/////

/////

Page 9 -   INDICTMENT
           (*United States v. Chester Evans Davis*)

# COUNT 10:
## OBSTRUCTING THE DUE ADMINISTRATION OF INTERNAL REVENUE LAWS
(26 U.S.C. § 7212(a))

26. The grand jury repeats and re-alleges the Introductory Allegations set forth in paragraphs 1 through 7.

27. From in or about March 2003 through in or about July 2010, in the District of Oregon and elsewhere, defendant CHESTER EVANS DAVIS did corruptly endeavor to obstruct the due administration of the internal revenue laws by, among other things:

    a. submitting to the IRS, in or about March 2003, checks drawn on closed bank accounts, purportedly as payment of his tax liabilities;

    b. submitting to the IRS, in or about April 2003, a "bill of exchange" in the approximate amount of $1,477,961, purportedly as payment of his tax liabilities;

    c. submitting to the IRS, in or about May 2003, a "bill of exchange" in the approximate amount of $29,063, purportedly as payment of his tax liabilities;

    d. filing in the United States District Court for the District of Oregon, in or about May 2004, arrest warrants against an IRS revenue agent and an IRS revenue officer;

    e. submitting to the IRS, from in or about February 2005 through in or about May 2005, several "prepaid foreign bills of exchange," purportedly drawn on a "direct treasury account" in his name, in an attempt to pay his tax liabilities;

    f. filing with the IRS, on or about September 19, 2005, a false Form 1040X for tax year 1999 and false Forms 1040 for tax years 2000 and 2001;

    g. attempting to file, in or about April 2006, a baseless lien with the Oregon Secretary of State, Corporations Division, against then U.S. Treasury Secretary John Snow;

    h. filing with the IRS, from in or about March 2008 through in or about July 2008, approximately 69 IRS Forms 1099-OID, falsely claiming payment of approximately $33,698,013 to IRS employees;

Page 10 -  INDICTMENT
                (*United States v. Chester Evans Davis*)

  i. submitting to the IRS, on or about February 2, 2009, a "Non-Negotiable Unlimited Private Bond for Set-off" to then U.S. Treasury Secretary Timothy Geithner, claiming a "chargeback" of $1 billion from a private Treasury account to be credited to his personal account; and

  j. submitting to the IRS, on or about July 1, 2010, several documents, including an "Affidavit of Individual Surety," a "Release on Lien on Real Property," a "Release of Personal Property from Escrow," a "Bid Bond," a "Performance Bond," and a "Payment Bond," falsely representing himself to be a warranted contracting officer of the United States government, in an attempt to satisfy the IRS liens filed against him.

All in violation of Title 26, United States Code, Section 7212(a).

## COUNT 11: FALSE AND FICTITIOUS INSTRUMENTS
(18 U.S.C. § 514)

28. The grand jury repeats and re-alleges the Introductory Allegations set forth in paragraphs 1 through 7.

29. On or about May 12, 2009, in the District of Oregon and elsewhere, defendant CHESTER EVANS DAVIS, with the intent to defraud, did pass, utter, present, and offer, and attempt and cause to pass, utter, present, and offer, within the United States, a false and fictitious instrument, document and other item appearing, representing, and purporting to be an actual security and financial instrument issued under the authority of the United States, namely, defendant CHESTER EVANS DAVIS sent or caused to be sent to National City Mortgage, a "Registered Bonded Promissory Note," stating that it was a $150,000 negotiable instrument and including the language "pay to the order of the United States of America, Department of the

/////

/////

/////

/////

Page 11 - INDICTMENT
    *(United States v. Chester Evans Davis)*

Treasury, Internal Revenue Service, c/o Timothy F. Geithner," in an attempt to discharge mortgage debt of third parties with initials R.C. and E.C. All in violation of Title 18, United States Code, Section 514.

DATED this 6 day of March, 2012.

A TRUE BILL.

OFFICIATING FOREPERSON

S. AMANDA MARSHALL
United States Attorney

CRAIG J. GABRIEL
Assistant United States Attorney

STACIE F. BECKERMAN
Assistant United States Attorney